DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, New Jersey 07042
(973) 509-9292 (phone)
(973) 509-1181 (facsimile)
david@dtesq.com
Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE ROMERO, JOSE PANI, JUSTINO ROMERO, PLACIDO ROMERO, JUAN JOSE ROMERO, IRMA JUAREZ, GERMAN ROMERO, BULMARO ARENAS, ALTAGRACIA MERCED AND MARIA CORONA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -vs- <br><br> FLAUM APPETIZING CORP., MOSHE GRUDHUT, and "UNKNOWN FLAUM MANAGERS 1-5"(Names Being Fictitious), <br><br> Defendants. | Civil Action <br><br> DOCKET NO.: <br><br> **COMPLAINT AND JURY DEMAND** |

## PRELIMINARY STATEMENT

1. The named plaintiffs, on behalf of themselves and the present and past employees of the Defendant FLAUM APPETIZING CORP. ("Flaum"), bring this action to redress the Defendants' pattern and practice of failing to pay them overtime pay

as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*,

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the FLSA causes of action pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the NYLL causes of action pursuant to 28 U.S.C. § 1367.

4. Flaum is a business corporation organized and existing under the laws of the State of New York with its principal executive office at 158 Cook Street, Brooklyn, New York, with facilities at 40 Lee Avenue, 142 Lee Avenue, and 288 Scholes Street, all in Brooklyn, New York. Defendants maintain sufficient contacts with the Southern District of New York as to make venue appropriate in this Court under 28 U.S. § 1391©.

## PARTIES

5. Plaintiff FELIPE ROMERO, also known as Felipe Romero Perez, is a resident of the State of New York who is currently employed on an hourly wage basis by Flaum and the individual defendants.

6. Plaintiff JOSE PANI, also known as Jose Pani Romero, is a resident of the State of New York who is currently employed on an hourly wage basis by Flaum and the individual defendants.

7. Plaintiff JUSTINO ROMERO, also known as Justino Romero Perez, is a resident of the State of New York who is currently employed on an hourly wage basis by Flaum and the individual defendants.

8. Plaintiff PLACIDO ROMERO, also known as Placido Romero Perez, is a resident of the State of New York who is currently employed on an hourly wage basis by Flaum and the individual defendants.

9. Plaintiff JOSE JUAN ROMERO, also known as Jose Juan Romero Romero, is a resident of the State of New York who is currently employed on an hourly wage basis by Flaum and the individual defendants.

10. Plaintiff IRMA JUAREZ, also known as Irma Juarez Hernandez, is a resident of the State of New York who is currently employed on an hourly wage basis by Flaum and the individual defendants.

11. Plaintiff GERMAN ROMERO, also known as German Romero Perez, is a resident of the State of New York who is currently employed on an hourly wage basis by Flaum and the individual defendants.

12. Plaintiff BULMARO ARENAS is a resident of the State of New York who is currently employed on an hourly wage basis by Flaum and the individual defendants.

13. Plaintiff ALTAGRACIA MERCED is a resident of the State of New York who is currently employed on an hourly wage basis by Flaum and the individual defendants.

14. Plaintiff MARIA CORONA, also known as Maria Corona Rivas, is a resident of the State of New York who is currently employed on an hourly wage basis by Flaum and the individual defendants.

15. Flaum is a business corporation organized and existing under the laws of the State of New York with its principal executive office at 158 Cook Street, Brooklyn, New York 11206-3702.

16. Defendant MOSHE GRUDHUT is the Chief Executive Officer and registered corporate agent of Flaum.

17. Upon information and belief, at all times relevant, Defendant Moshe Grudhut has had the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Grudhut has also had the power to stop any illegal pay practices.

18. Defendants "Unknown Flaum Managers 1-5" (Names Being Fictitious) are individual managerial employees of Flaum during the relevant time period who had the power to determine Flaum's wages practices and policies. Upon information and belief, at all times relevant, Defendants "Unknown Flaum Managers 1-5" (Names Being Fictitious) have each had the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, each of the Defendants "Unknown Flaum Managers 1-5" (Names Being Fictitious) has also had the power to stop any illegal pay practices.

## COLLECTIVE ACTION ALLEGATIONS

19. With regard to the FLSA causes of action, Plaintiffs Felipe Romero, Jose Pani, Justino Romero, Placido Romero, Juan Jose Romero, Irma Juarez, German

Romero, Bulmaro Arenas, Altagracia Merced and Maria Corona (collectively "the Representative Plaintiffs") bring this action on behalf of themselves and all current and former employees of Flaum and the other defendants who were paid on an hourly basis.

20. Defendants are liable under FLSA for, *inter alia*, failing to properly compensate Plaintiffs for hours worked in excess of forty per week (hereinafter "overtime").

21. Defendants' action in failing to pay proper overtime as required by the FLSA was applied not just to Representative Plaintiffs but as a policy and practice to hourly employees as a whole.

22. Upon information and belief, there are many similarly situated current and former employees of Defendants (hereinafter "the FLSA Group") who have not been paid proper overtime in violation of the FLSA. The members of the FLSA Group are known to Defendants, are readily identifiable, and can be located through Defendants' records.

23. The members of the FLSA Group are entitled to notice of this lawsuit and should be afforded an opportunity to opt-in, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

24. The Representative Plaintiffs bring this action pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and all other persons similarly situated.

25. With regard to the NYLL causes of action, the Representative Plaintiffs seek to represent a class consisting of all persons who were or are employed by Flaum and paid on an hourly basis (hereinafter the "Rule 23 Class").

26. As the members of the Rule 23 Class exceed 100 in number, joinder of all members is impracticable.

27. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

28. This case involves the resolution of common questions of law and fact affecting all members of the Rule 23 Class which predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a. whether Defendants violated NYLL Article 6, §§ 190 *et seq.*;

    b. whether Defendants correctly compensated Representative Plaintiffs and the Rule 23 Class for hours worked in excess of 40 per week as required by the NYLL;

    c. whether Defendants failed to comply with the posting and notice requirements of the NYLL;

    d. whether Defendants failed to keep accurate records of the wages paid to the Representative Plaintiffs and the Rule 23 Class as required by the NYLL; and

    e. whether Defendants' policy of failing to pay Representative Plaintiffs and the Rule 23 Class in accordance with the NYLL was instituted willfully or with reckless disregard of the law.

29. Representative Plaintiffs' claims are typical of those of the members of the Rule 23 Class in that:

    a.    Like all members of the Rule 23 Class, Representative Plaintiffs are employees of Defendants whose compensation is paid on an hourly basis;

    b.    The Defendants' conduct which Representative Plaintiffs challenge is the same conduct which has adversely affected the other members of the Rule 23 Class.

30. Representative Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class because their claims are the same as those of the members of the Rule 23 Class, and because Representative Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Representative Plaintiffs and the members of the Rule 23 Class.

31. This action is maintainable as a class action under Fed.R.Civ.P. 23(b)(2), since the unlawful actions of the Defendants, as alleged herein, have been taken on grounds equally applicable to all members of the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

32. Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class, which would establish incompatible standards of conduct for the Defendants who oppose the Rule 23 Class.

33. Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties. is litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedure which violate the NYLL.

## CONDITIONS PRECEDENT TO THE COLLECTIVE ACTION

34. Contemporaneous with the filing of the instant Complaint, each of the Representative Plaintiffs has filed an executed Election of Plaintiff Status form with the Court.

## STATEMENT OF FACTS

35. Each of the Representative Plaintiffs is a covered employee of the defendants within the meaning of Section 3(e)(2) of the FLSA, 29 U.S.C. § 203(e)(2) and Section 190(2) of the NYLL.

36. Defendants sell popular Flaum-branded food items including pickles, lox, herring, and chumus through the Southern District of New York and around the United States. The Representative Plaintiffs, the FLSA Group and the Rule 23 Class were employed by the Defendants in an activity such that Defendants engaged in commerce with gross revenues in excess of $500,000 and are thus subject to the requirements of the FLSA.

37. Each of the Defendants were employers of the Representative Plaintiffs, the FLSA Group and the Rule 23 Class within the meaning of 29 U.S.C. §203 and Section 190(3) of the NYLL.

38. Each of the Defendants knew that they were required by the FLSA and the NYLL to pay time and one-half of the regular hourly wages to the Representative Plaintiffs and all other employees who worked in excess of 40 hours per week.

39. Each of the Defendants knew that they were required by the FLSA and the NYLL to maintain accurate records of the amount of wages paid to the Representative Plaintiffs and all other employees.

40. Each of the Defendants knew that they were required by the FLSA and the NYLL to post notices informing their employees of their rights under these statutes.

41. As a matter of practice and policy, Defendants regularly suffered or permitted the Representative Plaintiffs, the FLSA Group and the Rule 23 Class to work more than 40 hours per week.

42. As a matter of practice and policy, Defendants did not pay the Representative Plaintiffs, the FLSA Group and the Rule 23 Class at the rate of time and one-half their regular hourly wage for hours worked in excess of 40 per week.

43. At all times relevant, Defendants had a practice and policy of providing the Representative Plaintiffs, the FLSA Group and the Rule 23 Class with weekly compensation (collectively "the Combined Compensation") in two parts:

   a. A check in a standardized amount, that bore no particular relation to the hourly wage or the hours worked; and

   b. Cash

44. Defendants paid the Cash in varying amounts each week but in such an amount that the Combined Compensation equaled the product of the employee's hourly wage and the hours worked.

45. The Combined Compensation, as a matter of practice and policy, amounted to only straight time rather than time and a half for hours in a week worked in excess of 40.

46. As a matter of practice and policy, Defendants did not maintain accurate records of the amount of wages paid to the Representative Plaintiffs, the FLSA Group and the Rule 23 Class.

47. As a matter of practice and policy, Defendants did not post notice to inform employees of their rights under the FLSA and the NYLL.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Overtime

48. Representative Plaintiffs repeat all of the foregoing allegations as if fully set forth herein.

49. By their actions, Defendants have violated the FLSA to the injury of the Representative Plaintiffs and the FLSA Group.

50. **WHEREFORE**, Representative Plaintiffs, on behalf of themselves demand judgment of the Defendants, jointly and severally:

    a. Declaring that Defendants have wilfully violated the FLSA;

    b. Awarding all Plaintiffs damages in the amount of 1 ½ times their regular hourly wage for each hour of work over 40 hours per week less any amounts actually paid;

    c.    Awarding all Plaintiffs liquidated damages as set forth in the FLSA;

    d.    Granting all Plaintiffs prejudgment interest on all unpaid compensation;

    e.    Allowing plaintiffs their costs of the suit, including a reasonable attorney's fee; and

    f.    Ordering such additional relief as may be fair and just.

## SECOND CAUSE OF ACTION

### New York Labor Law Article 19 – Overtime

51.    Representative Plaintiffs repeat all of the foregoing allegations as if fully set forth herein.

52.    By their actions, Defendants have violated the NYLL to the injury of the Representative Plaintiffs and the Rule 23 Class.

53.    **WHEREFORE**, Representative Plaintiffs, on behalf of themselves and the Rule 23 Class, demand judgment of the Defendants, jointly and severally:

    a.    Declaring that Defendants have wilfully violated the NYLL;

    b.    Awarding all Plaintiffs damages in the amount of 1 ½ times their regular hourly wage for each hour of work over 40 hours per week less any amounts actually paid;

    c.    Granting all Plaintiffs prejudgment interest on all unpaid compensation;

    d.    Enjoining Defendants from continuing those wage payment practices and policies that violate the NYLL;

    e.    Allowing plaintiffs their costs of the suit, including a reasonable attorney's fee; and

  f.  Ordering such additional relief as may be fair and just.

              Respectfully Submitted,

              DAVID TYKULSKER & ASSOCIATES
              161 Walnut Street
              Montclair, NJ 07042
              (973) 509-9292 (telephone)
              (973) 509-1181 (facsimile)

              By: _____
                DAVID TYKULSKER, Esq.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues so triable.

Dated: August 10, 2007     _____
              DAVID TYKULSKER, Esq.

## DEMAND FOR ADDRESSES PURSUANT TO L.Civ.R. 26.1

Plaintiffs demand that each Defendant furnish the undersigned with a verified statement of address as set forth in the cited Local Civil Rule.

Dated: August 10, 2007     _____
              DAVID TYKULSKER, Esq.