Jeffery A. Meyer (JM-4468)
Kaufman Dolowich & Voluck LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100
Facsimile: (516) 681-1101
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
FELIPE ROMERO, JOSE PANI, JUSTINO ROMERO,
PLACIDO ROMERO, JUAN JOSE ROMERO, IRMA
JUAREZ, GERMAN ROMERO, BULMARO ARENAS,
ALTAGRACIA MERCED and MARIA CORONA, on
behalf of themselves and all others similarly situated,

                          Plaintiffs,

      -against-

FLAUM APPETIZING CORP., MOSHE GRUDHUT, and
"UNKNOWN FLAUM MANAGERS 1-5" (Names Being
Fictious),

                          Defendants.
------------------------------------------x

**ANSWER**

Index No. 07 CV 07222

(BSJ) (JCF)

      The Defendants, by their counsel, Kaufman Dolowich & Voluck LLP, as and for their Answer to Plaintiffs' Complaint (hereinafter the "Subject Complaint"), set forth the following:

      1.    Defendants deny the allegations set forth in Paragraph 1 of the Subject Complaint.

      2.    Defendants neither admit nor deny the allegations set forth in Paragraph 2 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

3. Defendants neither admit nor deny the allegations set forth in Paragraph 3 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

4. Defendants neither admit nor deny the allegations set forth in Paragraph 4 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

5. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Subject Complaint.

6. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Subject Complaint.

7. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Subject Complaint.

8. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Subject Complaint.

9. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Subject Complaint.

10. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Subject Complaint.

11. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Subject Complaint.

12. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Subject Complaint.

13. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Subject Complaint.

14. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Subject Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Subject Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Subject Complaint.

17. Defendants neither admit nor deny the allegations set forth in Paragraph 17 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

18. Defendants neither admit nor deny the allegations set forth in Paragraph 18 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

19. Defendants neither admit nor deny the allegations set forth in Paragraph 19 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

20. Defendants deny the allegations set forth in Paragraph 20 of the Subject Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Subject Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Subject Complaint.

23. Defendants neither admit nor deny the allegations set forth in Paragraph 23 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

24. Defendants neither admit nor deny the allegations set forth in Paragraph 24 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

25. Defendants neither admit nor deny the allegations set forth in Paragraph 25 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

26. Defendants deny the allegations set forth in Paragraph 26 of the Subject Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Subject Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Subject Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Subject Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of the Subject Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Subject Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Subject Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Subject Complaint.

34. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Subject Complaint.

35. Defendants neither admit nor deny the allegations set forth in Paragraph 35 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

36. Defendants neither admit nor deny the allegations set forth in Paragraph 36 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

37. Defendants neither admit nor deny the allegations set forth in Paragraph 37 of the Subject Complaint, as they are not allegations of fact, but rather state legal conclusions.

38. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Subject Complaint.

39. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Subject Complaint.

40. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Subject Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Subject Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Subject Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of the Subject Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Subject Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Subject Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Subject Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Subject Complaint.

### AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST CAUSE OF ACTION

48. Defendants, in response to Paragraph 48 of the Subject Complaint, repeat and reallege each and every answer contained in Paragraphs 1 through 47 of this Answer as though fully set forth herein.

49. Defendants deny the allegations set forth in Paragraph 49 of the Subject Complaint.

50. Defendants neither admit nor deny the allegations set forth in Paragraph 50 of the Subject Complaint, as they are not allegations of fact, but rather a prayer for relief.

## AS AND FOR DEFENDANTS' RESPONSE
## TO PLAINTIFFS' SECOND CAUSE OF ACTION

51. Defendants, in response to Paragraph 51 of the Subject Complaint, repeat and reallege each and every answer contained in Paragraphs 1 through 50 of this Answer as though fully set forth herein.

52. Defendants deny the allegations set forth in Paragraph 47 of the Subject Complaint.

53. Defendants neither admit nor deny the allegations set forth in Paragraph 53 of the Subject Complaint, as they are not allegations of fact, but rather a prayer for relief.

## AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

54. Some or all of the claims made in the Subject Complaint fail to set forth a claim for which relief may be granted.

## AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

55. The Subject Complaint, and each claim purported to be alleged therein, is barred to the extent the Court lacks subject matter jurisdiction over the stated claims.

## AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

56. Payment.

## AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

57. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

58. Plaintiffs and the putative class/collective action members are not similarly situated and, as such, should not be part of a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

### AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

59. As Plaintiffs are not adequate representatives, a collective action is inappropriate.

### AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

60. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, pursuant to, *inter alia*, 29 U.S.C. § 258 (a) and 259 (a), as the Defendants have acted in good faith and in reliance upon applicable regulations and interpretations with regard to some or all of the acts or omissions alleged in the Subject Complaint.

### AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

61. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, because Plaintiffs failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

### AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

62. Supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Subject Complaint.

### AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

63. Similarly, a collective action is inappropriate vis-à-vis the New York State Law claims, as supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Subject Complaint.

### AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

64. New York Wage Orders apply the exemptions of the FLSA, barring, in whole or in part, the prosecution of this action.

### AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

65. As a class action is not maintainable for causes of action based upon the New York State Labor Law if liquidated damages are sought, similarly, a collective action may not be sought absent the waiving of such New York State Labor Law potential liquidated damages.

### AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

66. Plaintiffs and the putative class/collective action members are not entitled to damages, to the extent they failed to mitigate their alleged damages.

### AS AND FOR DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE

67. If Plaintiffs and any putative class/collective action member sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendants, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiffs, putative class/collective action members, or others, which contributed to and proximately caused any such injury, damage or loss.

## AS AND FOR DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE

68. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of waiver.

## AS AND FOR DEFENDANTS' SIXTEENTH AFFIRMATIVE DEFENSE

69. The Subject Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiffs or putative class/collective action members had unclean hands.

## AS AND FOR DEFENDANTS' SEVENTEENTH AFFIRMATIVE DEFENSE

70. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by judicial, equitable and/or collateral estoppel.

## AS AND FOR DEFENDANTS' EIGHTEENTH AFFIRMATIVE DEFENSE

71. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of laches.

## AS AND FOR DEFENDANTS' NINTEENTH AFFIRMATIVE DEFENSE

72. To the extent Plaintiffs and putative class/collective action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## AS AND FOR DEFENDANTS' TWENTIETH AFFIRMATIVE DEFENSE

73. Plaintiffs lack standing to prosecute the claims purported to be alleged in the Subject Complaint.

### AS AND FOR DEFENDANTS' TWENTY FIRST AFFIRMATIVE DEFENSE

74.     Plaintiffs and putative class/collective action members are entitled to a jury trial only as to those issues for which a jury trial is permitted by the FLSA.

### AS AND FOR DEFENDANTS' TWENTY SECOND AFFIRMATIVE DEFENSE

75.     Plaintiffs have not shown and cannot show that class or collective action treatment of the purported claims in the Subject Complaint is superior to other methods of adjudicating the controversy.

### AS AND FOR DEFENDANTS' TWENTY THIRD AFFIRMATIVE DEFENSE

76.     The types of claims alleged by Plaintiffs on behalf of putative class/collective action members are matters in which individual questions predominate and thus are not appropriate for class or collective treatment.

### AS AND FOR DEFENDANTS' TWENTY FOURTH AFFIRMATIVE DEFENSE

77.     The purported claims alleged by Plaintiffs are neither common to nor typical of those, if any, of the alleged putative class members.

### AS AND FOR DEFENDANTS' TWENTY FIFTH AFFIRMATIVE DEFENSE

78.     This case is not appropriate for class or collective action certification because Plaintiffs are not able to fairly and adequately protect the interests of all members of the putative class.

### AS AND FOR DEFENDANTS' TWENTY SIXTH AFFIRMATIVE DEFENSE

79.     The putative class members are not so numerous that joinder is impracticable.

### AS AND FOR DEFENDANTS' TWENTY SEVENTH AFFIRMATIVE DEFENSE

80. The Subject Complaint, and each claim purported to be alleged therein, cannot proceed as a class and/or collective action because difficulties likely to be encountered render the action unmanageable.

### AS AND FOR DEFENDANTS' TWENTY EIGHTH AFFIRMATIVE DEFENSE

81. Certain of the interests of the putative class members are in conflict with the interests of Plaintiffs and/or all or certain sub-groups of the putative class members.

### AS AND FOR DEFENDANTS' TWENTY NINTH AFFIRMATIVE DEFENSE

82. Plaintiffs are exempt from the overtime requirements of the FLSA and New York Labor Law for various reasons, including, but not limited to, the "Motor Carrier Exemption," which in whole or in part bars the prosecution of this action.

**WHEREFORE**, it is respectfully requested that Plaintiffs' Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded its reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
       January 4, 2008

                                        Kaufman Dolowich & Voluck LLP
                                        Attorneys for Defendants

                                        By: _____
                                            Jeffery A. Meyer (JM-4468)
                                            135 Crossways Park Drive, Suite 201
                                            Woodbury, New York 11797
                                            (516) 681-1100

ND: 4811-4125-1329, v. 1