DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, New Jersey 07042
(973) 509-9292 (phone)
(973) 509-1181 (facsimile)
david@dtesq.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FELIPE ROMERO, JOSE PANI, JUSTINO ROMERO, PLACIDO ROMERO, JUAN JOSE ROMERO, IRMA JUAREZ, GERMAN ROMERO, BULMARO ARENAS, ALTAGRACIA MERCED AND MARIA CORONA, on behalf of themselves and all others similarly situated, | : : : : : : : : : | Civil Action No. 07-cv-7222 |
| Plaintiffs, | : : | |
| -vs- | : : : | **AFFIDAVIT OF COUNSEL** |
| FLAUM APPETIZING CORP., MOSHE GRUDHUT, and "UNKNOWN FLAUM MANAGERS 1-5"(Names Being Fictitious), | : : : : | |
| Defendants. | : : | |

STATE OF NEW JERSEY
                    ss.:
COUNTY OF ESSEX

    I, DAVID TYKULSKER, of full age, affirm and state that:

1.    I make this affidavit in support of plaintiffs' application

    for reasonable attorney's fees and costs for work performed in

    collecting the costs of service of the Summons and Complaint

    on defendants.

I. <u>NECESSITY OF SERVICE</u>

2.   Attached as Exhibit A is a true copy of the Notices in lieu of
     service sent to the individual named defendants. Exhibit A was
     sent by certified mail and first class mail.

3.   Attached as Exhibit B is a true copy of the response to the
     Certification.

4.   The First Class Mail version of the Notice has not been
     returned.

5.   No response had been received to Exhibit A as of November 26,
     2007.

6.   Because no response had been received with regard to Exhibit
     A, I directed that service be effected by Lawyers Service.

7.   Service has now been effected, as set forth in the Affidavits
     of Service filed with the Court (Document Nos. 15 & 16).

8.   Attached as Exhibit C is a true copy of the bill in the amount
     of $250.00 for the effecting of service by Lawyers' Service.

II. <u>APPROPRIATE HOURLY RATES</u>

A.   <u>DAVID TYKULSKER — REQUESTED RATE: $425.00/HR.</u>

9.   I am a 1982 honors, prize-winning graduate of the Columbia
     University School of Law, and have been actively practicing
     law for more than twenty-three years.  I am admitted to the
     bar of the States of New Jersey and New York; the District
     Courts of New Jersey, and the Eastern and Southern Districts

2

of New York, the Third Circuit Court of Appeals and the Supreme Court of the United States.

10. I was admitted to practice before this Court in 1984, and remain in good standing.

11. I was a partner in the Newark, New Jersey firm of Ball, Livingston & Tykulsker from 1986 through its dissolution in March, 1996. Since that time I have been the principal of David Tykulsker & Associates. For the past twenty-three years, I have devoted at least 85% of my time to representing employees and unions in a variety of contexts and fora.

12. I have lectured about various aspects of labor law, including representing discharged workers, in a variety of fora including, but not limited to, the Institute for Continuing Legal Education and the Rutgers Union Leadership Academy. I have also written about labor law issues for the New Jersey Law Journal.

13. Attached as Exhibit D is a true copy of my curriculum vitae.

14. Attached as Exhibit E is a true copy of the retainer agreement I have with Felipe Romero, I have retainer agreements identical to Exhibit E with the remaining individual plaintiffs.

15. As set forth in Exhibit E, my current hourly rate is $425.00.

16. The most recent court award of attorney's fees to this firm came approximately fifteen months ago in a contested fee motion in the Third Circuit Court of Appeals in <u>Lomack v. City of</u>

Newark, 463 F.3d 303 (3d Cir. 2006), in which my hourly rate was found to be $400.00

17. The most recent attorney's fee to this firm in a case involving the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, came in February, 2005, in the matter of Mejia v. Bollasso, LLC d/b/a Mario's Pizza Parlor, Docket No. UNN-L-1361-04, Superior Court of New Jersey, Civil Division, Union County. That case involved claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and New Jersey Wage and Hour Law, N.J.S.A. 34:15-56a *et seq.,* both of which statutes provide for fee-shifting. In Mejia, I was awarded a fee based on an hourly rate of $400.00.

18. Attached as Exhibit F is a true copy of a chart, albeit somewhat dated, of hourly rates of attorneys practicing plaintiff-side employment law in New Jersey. Exhibit F was prepared by Andrew Dwyer, Esq.

19. Attached as Exhibit G is an updated condensed version of the chart set forth as Exhibit F. Exhibit F contains the current hourly rate of several attorneys practicing plaintiff-side employment law in the State of New Jersey. The information contained in Exhibit G was obtained by Rosemary DiSavino, Esq.

20. As can be seen from Exhibits F and G, as a partner practicing in northern New Jersey in this area, an hourly rate of $425.00 is consistent for an attorney of my experience.

4

21. To my knowledge, these rates are below that which is charged in the Southern District of New York.

22. I am currently charging $425.00 per hour for employment matters.

23. Hence, for all of these reasons, I believe that an hourly rate of $425.00 is reasonable for my services in this case.

B. ROSEMARY DISAVINO, ESQ. - REQUESTED RATE: $375.00/HR.

24. Rosemary DiSavino, Esq. is a 1990 graduate of Brooklyn Law School, where she was the recipient of a Research Council Public Internship Grant as a Edward V. Sparer Public Interest Fellowship.

25. She is admitted to practice in the State of New Jersey and the State of New York since 1991 and 1990, respectively. She was admitted before this Court in 1995.

26. Ms. DiSavino has concentrated her legal practice on employment discrimination and civil rights matters since joining the firm of Ball, Livingston and Tykulsker in January of 1992. She became a partner in the law firm of Ball Livingston (formerly Ball, Livingston and Tykulsker) in 1997.

27. Ms. DiSavino has litigated two employment discrimination trials to jury verdict in New Jersey Superior Court, second seated three discrimination trials in U.S. District Court, District of New Jersey and two civil cases in New Jersey Superior Court. She has also litigated dozens of employment

5

matters in both state and federal court, most of which were settled. Additionally, Ms. DiSavino has represented numerous plaintiffs before the New Jersey Division on Civil Rights and the Equal Employment Opportunity Commission and has tried several matters to judgment before the Office of Administrative Law.

28. Ms. DiSavino is a former member of the National Employment Lawyers Association, a national bar association of plaintiffs' lawyers, and has served on the Board of Trustees of the New Jersey Chapter of the American Civil Liberties Union.

29. Ms. DiSavino has written numerous published articles on employment discrimination and has appeared on televised broadcasts focusing on employees' rights in the workplace.

30. Ms. DiSavino left her former law firm in August of 1999 and started her own firm, almost exclusively representing employees in employment related claims.

31. Ms. DiSavino has been associated with this firm since April, 2005, and as with the undersigned, her practice is overwhelmingly dedicated to representing employees and unions in a variety of contexts and fora.

32. As can be seen on Exhibit E, her current hourly rate is set at $375.00 in the retainer agreements with the clients in this case.

6

33.  Ms. DiSavino was awarded an hourly rate of $350.00 in the
     Lomack matter, which is discussed above.

34.  The retainer rate is fair, given Ms. DiSavino's sixteen plus
     years of experience, her reputation, and the current hourly
     rates charged by attorneys  of similar experience.

35.  Hence, for all of these reasons, I believe an hourly rate of
     $375.00 is reasonable for Ms. DiSavino's services in this
     matter.

C.   NORMA EDRINGTON: REQUESTED RATE: $125.00/HOUR

36.  Ms. Edrington is the paralegal at this firm, working under my
     and Ms. DiSavino's direction.  I have overseen her training
     both at this firm and my previous firm.

37.  Exhibit E sets forth Ms. Edrington's current hourly rate as
     $125.00.

38.  Hence, for all of these reasons, I believe that an hourly rate
     of $125.00 is a reasonable rate for Ms. Edrington's services
     in this matter.

                    RPC 1.5(a) FACTORS

39.  With regard to the factors to determine the reasonableness of
     a fee in accordance with RPC 1.5(a), I submit the following:

     a. Time - Ms. Edrington, Ms. DiSavino and I keep
        contemporaneous records of time spent on matters which
        are maintained by computer.  Attached as Exhibit H is a

                           7

true copy of the computer-generated print-outs of the
hours spent on this motion.

b.   Novelty - There is no particular novelty in this motion.

c.   Difficulty - There is no particular difficulty in this
motion.

d.   Skill -

i.   Preclusion of Employment -- This firm's work on
this motion in this Court did not preclude the firm
from accepting other employment.

ii.  Customary Fee -- Our customary fees are set forth
above.  Fees charged in the locality are set forth
on Exhibits F and G.

iii. Amount Involved and Results Obtained -- The amount
involved is the relatively small figure of the cost
of service.

iv.  Time Limitations -- There were no particular time
limitations on this matter.

v.   Nature and Length Of Relationship With Client -- I
have never previously represented any of the
plaintiffs.   I have no current expectation that
any of the plaintiffs will ever engage the services
of this firm following the conclusion of this
litigation.

8

vi.   Experience, reputation and ability of the attorneys
-- I have outlined the experience of myself and Ms.
DiSavino above, and I am given to understand that
both Ms. DiSavino and I have reasonably good
reputations in this area of law. I believe that Ms.
DiSavino and I have demonstrated consistently high
ability.

e.   Fixed or contingent fee -- This case is effectively
entirely on a contingent fee.

40.   This firm has received no funds from any person or entity not
a party to this litigation for fees, expenses or costs
incurred in this matter.

### III. HOURS REASONABLY EXPENDED

41.   A true copy of the hours expended by this firm is attached
hereto as Exhibit H.  Using the requested hourly rates yields
the following:

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| David Tykulsker | 1.84 | 425 | $ 782.00 |
| Rosemary DiSavino | - | 375 | $      - |
| Norma Edrington | 2.50 | 125 | $ 312.50 |

44.   Hence, as indicated in the foregoing paragraph, the lodestar
fee for work performed by this firm on this motion is $1,094.

9

Further affiant sayeth not.

/s/
_____

DAVID TYKULSKER, ESQ.
DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, NJ  07042
(973) 509-9292
*Attorneys for Plaintiffs*

Signed and sworn to before me
this _7th_ day of _March_ 2008


_____

**NORMA M. EDRINGTON**
**NOTARY PUBLIC OF NEW JERSEY**
**MY commission Expires Jan 23,2013**

10