UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIPE ROMERO, JOSE PANI,
JUSTINO ROMERO, PLACIDO
ROMERO, JUAN JOSE ROMERO,
IRMA JUAREZ, GERMAN ROMERO,
BULMARO ARENAS, ALTAGRACIA
MERCED AND MARIA CORONA, on
behalf of themselves and all others
similarly situated,

                Plaintiffs,

    -vs-


FLAUM APPETIZING CORP., MOSHE
GRUDHUT, and "UNKNOWN FLAUM
MANAGERS 1-5"(Names Being
Fictitious),

                Defendants.

Civil Action No. 07-cv-7222

---

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR
CERTIFICATION AS A COLLECTIVE ACTION, NOTICE AND DISCOVERY**

---

DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, New Jersey 07042
(973) 509-9292 (phone)
(973) 509-1181 (facsimile)
david@dtesq.com
Attorneys for Plaintiffs

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................... - i -

PROCEDURAL HISTORY AND BRIEF STATEMENT OF THE CASE .............. 1


ARGUMENT

      POINT I
      THIS MATTER MUST BE CERTIFIED AS A COLLECTIVE
      ACTION PURSUANT TO THE FAIR LABOR STANDARDS
      ACT AS THE NAMED PLAINTIFFS AND PUTATIVE CLASS
      MEMBERS ARE SIMILARLY SITUATED WITHIN THE
      MEANING OF THE STATUTE ...................................... 3

      POINT II
      THIS COURT SHOULD AUTHORIZE PLAINTIFFS' TO SEND
      NOTICE TO ALL SIMILARLY SITUATED PERSONS EMPLOYED
      BY DEFENDANTS AND SHOULD REQUIRE DEFENDANTS TO
      PRODUCE IDENTIFYING INFORMATION ABOUT SUCH PERSONS ....... 7

CONCLUSION ...................................................... 9

## TABLE OF AUTHORITIES

**Page**

*Baba v. Grand Central Partnership, Inc.*, 2000 U.S. Dist.
     LEXIS 17876 (S.D.N.Y. 2000) ........................................ 8

*Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F. 2d
     335 (2d Cir. 1978) ........................................ 6, 7

*Davis v. Lennox Hill Hosp.*, 2004 U.S.Dist. LEXIS 17283 ........................ 5

*Fasanelli v. Heartland Brewery, Inc.*, 2007 U.S. Dist. LEXIS 75016
     (S.D.N.Y. 2007) ........................................ 5, 6

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp. 2d 101
     (S.D.N.Y. 2003) ........................................ 6

*Heagney v. European American Bank*, 122 F.R.D. 125 (E.D.N.Y. 1988) .............. 5

*Hoffman v. Sbarro*, 982 F. Supp. 249 (S.D.N.Y. 1997) ........................ 5, 6, 7

*Hoffmann-LaRoche Inc., v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107
     L.Ed. 2d 480 (1989) ........................................ 6, 8

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ........... 5, 8

*Jackson v. New York Telephone Co.*, 163 F.R.D. 429 (S.D.N.Y 1995) ................ 5

*Krueger v. New York Telephone Co.*, 1993 U.S.Dist. LEXIS 9988
     (S.D.N.Y. 1993) ........................................ 5

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) ..................... 5

*Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp. 2d 357 (S.D.N.Y. 2007) .......... 5, 6, 7

*Mazur v. Olek Lejbzon & Co.*, 2005 U.S.Dist. LEXIS 30321 (S.D.N.Y. 2005) ........... 5

*Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303 (S.D.N.Y. 1998) ................. 5

## TABLE OF AUTHORITIES (cont'd)

**Page**

*Sipas v. Sammy's Fishbox, Inc.*, 2006 U.S.Dist. LEXIS 24318 (S.D.N.Y. 2006) ......... 7

*Scholtisek v. Eldre Corp.*, 229 F.R.D. 381 (W.D.N.Y. 2005) ........................ 5

*Schwed v. General Electric Co.*, 159 F.R.D. 373 (N.D.N.Y. 1995) ................... 5

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) .................. 6

## OTHER AUTHORITIES

29 U.S.C. §§ 201, *et seq.* ........................................... 1, 3

Article 6, §§ 190 *et seq* ............................................. 1, 3

FLSA § 216 ........................................................ 4

FLSA § 216 (b) ..................................................... 4

Fed. R. Civ. Pro. 23 ................................................ 4

## PROCEDURAL HISTORY AND BRIEF STATEMENT OF THE CASE

This matter was commenced by ten named plaintiffs to remedy blatant violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, (hereinafter, "FLSA") and the New York Labor Law, Article 6, §§ 190 *et seq.* (hereinafter, "NYLL"). Six additional plaintiffs opted in to this suit by filing "Election of Plaintiff Status" forms on August 21, 2008. The named plaintiffs brought this matter, as representative plaintiffs, on behalf of themselves and all similarly situated current and former employees of defendants. The Complaint and Jury Demand specifically plead and put defendants on notice that this matter would proceed as a collective action pursuant to the FLSA (Complaint ¶s 19-23) and as a class action (Complaint ¶s 24-35).

Contemporaneous with the filing of the Complaint, plaintiffs also filed "Election of Plaintiff Status," permitting them to "opt-in" to this matter. Complaint ¶ 34. Subsequent to the filing of the Complaint on or about August 10, 2007, defendants filed an Answer, on or about January 4, 2008, essentially denying the substantive allegations of the Complaint. To date, the parties have exchanged initial disclosures. Depositions of the parties are scheduled to commence in early September.

Plaintiffs are former and current employees of defendant Flaum Appetizing Corp., a New York corporation which makes, packs and distributes Flaum branded food items. Defendant Moshe Grudhut is the Chief Executive Officer of the corporate defendant. The gravamen of the Complaint is that defendants violated the FLSA and NYLL by implementing a policy and practice as to all hourly employees which served to deprive them of their statutorily mandated right to overtime wages.

The named and prospective plaintiffs were all hourly employees, employed as cooks, packers or drivers' helpers, some performing more than one job duty. See, Certifications of Maria Corona

Rivas ¶ 9, Felipe Romero ¶ 3, Herlinda Cortes ¶3,Jose Pani Romero ¶8.[1]  All of the named and

prospective plaintiffs were victims of a common plan and policy designed to deprive them of their

statutorily mandated overtime wages.  Collectively, the named and prospective plaintiffs, all hourly

employees typically worked in excess of 40 hours per week, some working as much as 80-90 hours

per week.[2]  See, Certifications of Maria Corona Rivas ¶ 3, Felipe Romero ¶ 5, Herlinda Cortes ¶5,

Jose Pani Romero ¶3.  Defendants knew that plaintiffs almost always worked well over 40 hours per

week since the hourly employees were required to punch in a time clock when they commenced and

ended their shifts.  See, Certifications of Maria Corona Rivas ¶ 6, Felipe Romero ¶ 12, Herlinda

Cortes ¶7, Jose Pani Romero ¶ 6.  Nevertheless, defendants failed to pay the hourly employees

overtime wages, i.e., wages at the rate of one and one-half the regular hourly rate for hours worked

in excess of 40 per week.  See, Certifications of Maria Corona Rivas ¶ 7, 11, Felipe Romero ¶ 10, 11,

Herlinda Cortes ¶ 8, 9, Jose Pani Romero ¶ 7. 9.  In fact, it appears that defendants undertook

deliberate measures to falsify and conceal the records of the actual hours worked.  It was defendants

practice, for years, to pay employees their wages in cash or some combination of cash and check.

When checks were used, the notations on the pay checks bore no relation to the number of hours

worked or the employees' regular hourly rate.  See, Certifications of Felipe Romero ¶ 7, Jose Pani

Romero ¶ 11. Defendants also neglected to post notices advising employees of their right to overtime.

See, Certifications of Maria Corona Rivas ¶ 13 Felipe Romero ¶ 13, Jose Pani Romero ¶ 7. 9. Hence,

---

[1] Counsel has been authorized to execute the signatures of plaintiffs Maria Corona Rivas and Felipe Romero.  Because of vacation schedules, we have yet to obtain explicit permission from plaintiffs Herlinda Cortes or Jose Pani Romero but anticipate that we will be able to do so shortly.

[2]It appears that many of the illegal policies and practices abated in around August of 2007 when this suit was filed until May of 2008, when most of the named plaintiffs were terminated.

2

the illegal pattern common to all lies in defendants' willful failure to comply with the overtime requirements of the applicable law.

The allegations in the Complaint and the attached Certifications establish that the named and putative plaintiffs were subjected to a common and intentional policy which deprived them of their rights. As set forth more fully below, these facts are sufficient to establish plaintiffs' entitlement to certification as a collective action under the FLSA. Additionally, plaintiffs are entitled to send notice to all current and former hourly employees so that they may exercise their right to opt in to this litigation. As defendants possess but have yet to disclose identifying information about these employees, it should be compelled to do so immediately so that they receive notice of this suit and are afforded an opportunity to join as plaintiffs.

## ARGUMENT

### POINT I

**THIS MATTER MUST BE CERTIFIED AS A COLLECTIVE ACTION PURSUANT TO THE FAIR LABOR STANDARDS ACT AS THE NAMED PLAINTIFFS AND PUTATIVE CLASS MEMBERS ARE SIMILARLY SITUATED WITHIN THE MEANING OF THE STATUTE**

The named plaintiffs commenced this matter on behalf of themselves and as representatives of all similarly situated current and former employees of defendants seeking, *inter alia*, compensation for systemic violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter, "FLSA") and New York Labor Laws, Article 6, §§ 1490 *et seq.* (hereinafter, "NYLL"). Complaint ¶s 19-23. Plaintiffs allege, inter alia, that defendants failed to pay the non-exempt employees overtime wages in accordance with the applicable laws, that defendants failed to

3

accurately report the number of hours worked by the hourly employees, and that defendants failed to post notices as required by law advising the employees of their right to overtime wages. Further, plaintiffs allege that these violations were willful and were undertaken pursuant to a deliberate policy and practice. Plaintiffs now move for certification of this matter as a collective action under the FLSA § 216 (b).

Unlike the class action mechanism provided for by Fed.R.Civ. Proc. 23, where once certified class members are automatically included in the class unless and until they "opt-out", the mechanism employed by the FLSA requires class members who wish to participate in the action to affirmatively "opt-in".[3] The FLSA provides, in relevant part:

> **An action ... may be maintained against any employer...by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.**

Thus far, ten plaintiffs have opted-in to this case by filing an "election of plaintiff status form". Plaintiffs now move, pursuant to 29 U.S.C. § 216(b) for certification of this matter as a collective action, for an Order compelling defendants to provide identifying information about potential class members and for an Order permitting proposed Notice to be mailed to potential class members in order for them to "opt-in" to this matter.

The determination of certification as a collective action pursuant to the FLSA is typically a two stage process. First, the court makes an initial determination before discovery based upon the

---

[3]As plaintiffs are not, at this juncture, seeking class certification pursuant to Fed. R.Civ. Pro. 23, they need not meet the requirements for certification as a class action under that rule.

pleadings and certifications. *Fasanelli v. Heartland Brewery, Inc.*, 2007 U.S. Dist. LEXIS 75016, *7-8 (S.D.N.Y. 2007); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. Jan. 26, 2007); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006). That initial determination is frequently reviewed again after discovery is complete. *Id.*

It is well settled that plaintiffs' burden at this the first stage is minimal and requires merely that plaintiffs make a "modest factual showing" that they are "similarly situated" to potential class members who were collectively subjected to a "common policy or plan that violated the law." *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367-368 (S.D.N.Y. Jan. 26, 2007); *Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp. 2d 357, 368 (S.D.N.Y. 2007), *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998); *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp. 2d 317 (S.D.N.Y. 2007); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N..Y 2005); *Mazur v. Olek Lejbzon & Co.*, 2005 U.S.Dist. LEXIS 30321 (S.D.N.Y. Nov. 30, 2005).

The standard for deciding whether plaintiffs are "similarly situated", while not defined by the statute, is met where the named plaintiffs simply show that "there is a 'factual nexus' between" their claims and those of the proposed plaintiffs. *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp. 2d 317 (S.D.N.Y. 2007), quoting, *Davis v. Lennox Hill Hosp.*, 2004 U.S.Dist. LEXIS 17283, at 25, 2004 WL 1926086 at *7. Plaintiffs' burden in this regard is 'minimal'. *Hoffman v. Sbarro*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997). See also, *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y.), *Krueger v. New York Telephone Co.*, 1993 U.S.Dist. LEXIS 9988, 1993 WL 276058 (S.D.N.Y. 1993); *Schwed v. General Electric Co.*, 159 F.R.D. 373, 375-76 (N.D.N.Y. 1995); *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988); *Realite v. Ark*

*Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998), *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp. 2d 101, 104, (S.D.N.Y. 2003), *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997), *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

Consideration of whether plaintiffs satisfy their minimal burden is done without regard to the merits of any claims or defenses. *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp. 2d 317 (S.D.N.Y. 2007) citing: *Hoffmann-LaRoche Inc., v. Sperling*, 493 U.S. 165, 174, 110 S.Ct. 482, 107 L.Ed. 2d 480 (1989)('trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.'); *Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp. 2d 357, 368-369 (S.D.N.Y. 2007)('[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations'); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)('[th]e focus is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated...with respect to their allegations that the law has been violated'); *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 262 (S.D.N.Y. 1997)('Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of similarly situated plaintiffs can exist here'). Significantly, when making the determination "courts should be mindful of the remedial purposes of the FLSA." *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp. 2d 317 (S.D.N.Y. 2007) quoting, *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F. 2d 335, 336 (2d Cir. 1978).

It is clear that the pleadings and certifications of plaintiffs exceed the minimal showing necessary to grant plaintiffs' motion to proceed as a collective action. Indeed, the evidence presented shows that the named and putative plaintiffs were collectively victimized by the same company policies, designed to deprive them of their right to statutorily mandate overtime wages. All named

6

and prospective plaintiffs, employed as cooks, packers and drivers' helpers, routinely worked over

40 hours per week with rare exceptions and were paid straight time rather than overtime rates for all

hours worked.

The Court can and should grant plaintiffs' motion for certification as a collective action on

the basis of the pleadings and certifications submitted herein. See, *Sipas v. Sammy's Fishbox, Inc.*,

2006 U.S.Dist. LEXIS 24318 (S.D.N.Y. 2006)(conditional collective action certification granted on

basis of the allegations set forth in the complaint and three certifications). See also, *Lynch v. United*

*Services Auto. Ass'n*, 491 F.Supp.2d 357, 369-370 (S.D.N.. 2007).

Plaintiffs here have clearly satisfied the minimal burden of showing that they are similarly

situated to potential plaintiffs in that they were all subjected to the exact same policy which served

to deprive them of their statutorily mandated right to overtime wages. This Court should, therefore,

certify this matter as a collective action pursuant to the FLSA.


## POINT II

### THIS COURT SHOULD AUTHORIZE PLAINTIFFS TO SEND NOTICE TO ALL SIMILARLY SITUATED PERSONS EMPLOYED BY DEFENDANTS AND SHOULD REQUIRE DEFENDANTS TO PRODUCE IDENTIFYING INFORMATION ABOUT SUCH PERSONS

In order for potential plaintiffs to be afforded an opportunity to exercise their legal right to

opt-in to this case, they must, of course, have knowledge of its existence. The common mechanism

for notifying persons who have been victimized by common, albeit illegal, employment practices,

is by mailing them informational notices. As noted in *Sipas v. Sammy's Fishbox, Inc.*, 2006

U.S.Dist. LEXIS 24318 (S.D.N.Y. 2006):

7

> This Circuit encourages the sending of notice to 'similarly situated'
> individuals, as doing so 'comports with the broad remedial purpose
> of the FLSA...as well as with the interest of the courts in avoiding
> multiplicity of suits.' Braunstein, 600 F.2d at 336; see also Hoffman
> v. Sbarro, Inc., 982 F.Supp. 249, 262 (S.D.N.Y. 1997)('Courts have
> endorsed the sending of notice early in the proceeding, as a means of
> facilitating the FLSA's broad remedial purpose and promoting
> efficient case management.').

See also, *Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp. 2d 35, 371(S.D.N.Y. 2007), *Hoffmann-LaRoche Inc., v. Sperling*, 493 U.S. 165, 170(1989).

Plaintiffs have submitted herein a proposed notice to be mailed to all potential plaintiffs.

In order to comport with the cause of action underlying this case, the notice should be sent

and identifying information produced to persons employed by defendants since it began operations.

Since defendants failed to post legally mandated notice informing the employees of their right to

receive overtime wages, the statute of limitations is equitably tolled until such time as plaintiffs are

aware of their rights. *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y.

2007), *Baba v. Grand Central Partnership, Inc.*, 2000 U.S. Dist. LEXIS 17876 (S.D.N.Y. 2000).

Of course, the most efficient means by which potential plaintiffs may be notified of the

present suits, and their right to opt-in to this case, is for them to receive written notice of the suit.

Defendants, while in possession of identifying information about its current and former employees,

neglected to supply same as part of its initial disclosures to plaintiffs. Defendants should be

compelled to produce a list including all identifying information including but not limited to each

persons (a) full name, (b) last known residential and/or mailing address, (c) last known cellular and

land-line telephone numbers, (d) any other contact or identifying information contained within

defendants' files for all persons employed on an hourly/or flat rate. *Iglesias-Mendoza v. La Belle

Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007).

8

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that this Court grant their motion for certification as a collective action pursuant to the FLSA, order defendants to produce identifying information about all of its past and present hourly employees and grant plaintiffs permission to send the attached notice to those persons.

Respectfully Submitted,

_____s/_____
David Tykulsker, Esq.
DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, New Jersey 07042
(973) 509-9292 (phone)
(973) 509-1181 (facsimile)
david@dtesq.com
Attorneys for Plaintiffs

Dated: August 29, 2008

DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, New Jersey 07042
(973) 509-9292 (phone)
(973) 509-1181 (facsimile)
david@dtesq.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE ROMERO, JOSE PANI, JUSTINO ROMERO, PLACIDO ROMERO, JUAN JOSE ROMERO, IRMA JUAREZ, GERMAN ROMERO, BULMARO ARENAS, ALTAGRACIA MERCED AND MARIA CORONA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-vs-<br><br>FLAUM APPETIZING CORP., MOSHE GRUDHUT, and "UNKNOWN FLAUM MANAGERS 1-5"(Names Being Fictitious),<br><br>Defendants. | Civil Action No. 07-cv-7222 |

**IMPORTANT NOTICE**

TO:   ALL PERSONS WHO ARE OR WERE FORMERLY EMPLOYED BY FLAUM APPETIZING CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS AT 158 COOK STREET, BROOKLYN NEW YORK   AS AN HOURLY EMPLOYEE INCLUDING COOKS, SALAD MAKERS, PACKERS AND DRIVERS' ASSISTANTS

YOU ARE HEREBY NOTIFIED THAT:

     1. The above-captioned matter is pending in this Court.  It was  brought representatively on behalf of all persons who were or are employed on an hourly basis by FLAUM APPETIZING

CORPORATION LOCATED AT 158 COOK STREET, BROOKLYN, NEW YORK owned and operated by Moshe Grudhut. The plaintiffs seek to recover for themselves, and for those who are similarly situated, unpaid wages due and owing as a result of overtime work, i.e., pay at overtime rather than regular hourly wages for time worked over 40 hours per week and other incidental relief. In response to plaintiffs' Complaint, defendants have denied that they are responsible for paying the overtime wages claimed or that they engaged in any other violations of the applicable wage and hour laws.

2. On _____, the Honorable James C. Francis, Magistrate Judge of this Court, entered an Order certifying the part of this action brought under the Fair Labor Standards Act as a collective action.

3. The Complaint alleges in substance that overtime wages were incurred by plaintiffs and similarly situated hourly employees because employees were routinely required to work more than 40 hours per week at the business establishments owned and operated by defendants and that the hourly employees were not paid at the statutorily mandated overtime rates i.e., one and one-half times the regular hourly wage, for hours worked over 40 per week.

4. Plaintiffs have alleged that defendants' failure to pay overtime is "willful" under the Fair Labor Standards Act (hereinafter, "FLSA"). Plaintiffs who are successful in proving FLSA violations are entitled to collect liquidated damages in an amount equal to double their actual losses. Defendants have denied that they have committed any willful violation under the FLSA.

5. **The FLSA requires that any potential plaintiff must specifically consent to joining in a lawsuit. This means that you CANNOT participate in the FLSA claims in this lawsuit UNLESS you complete the appropriate portion of the attached form affirmatively indicating your consent to be included. To join in the FLSA portion of this lawsuit, you must mail the completed consent form on or before _____, 2008 by first-class mail to:**

DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, NJ 07042
(973) 509-9292

6. This Notice is given to you in the belief that you may be a member of the class of persons affected by these wage policies. As a member of the Class, your rights may be affected by this lawsuit. This Notice is intended to advise you of the pendency of this lawsuit, and of your rights with respect thereto. It should not be understood as an expression of any opinion by the Court concerning the merits of these actions. THERE IS NO ASSURANCE THAT A JUDGMENT WILL BE GRANTED, OR IF GRANTED, THAT IT WILL BE COLLECTED IN WHOLE OR IN PART.

7. If you were employed by defendant FLAUM APPETIZING CORPORATION LOCATED AT 158 COOK STREET, BROOKLYN, NEW YORK owned and operated by Moshe Grudhut on an hourly basis and you worked more than 40 hours in any given week(s) for which you did not

receive overtime pay, you are entitled to participate in this lawsuit and may be able to recover the wages, if any, that are owed or may be owed to you.

8. **YOU WILL NOT BE INCLUDED AND MAY NOT RECOVER ANY WAGES OWED TO YOU UNLESS AND UNTIL YOU FILE AN ELECTION OF PLAINTIFF STATUS FORM.**

**YOU MUST RESPOND TO THIS NOTICE IN ORDER TO ENSURE THAT YOUR RIGHTS ARE PROTECTED**

9. The pleadings and other papers filed in this action are available for inspection at the office of the Clerk of the Court during regular business hours.

10. Any inquiry you wish to make concerning this Notice should be addressed in writing to:

DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, NJ 07042
(973) 509-9292

Dated:

_____